Isaias **BARRAGAN,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–70764.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2007.

Filed June 26, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, John S. Hogan, Esq., San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

MEMORANDUM **

The Board of Immigration Appeals (BIA) determined that Isaias Barragan was not eligible for cancellation of removal under 8 U.S.C. § 1229b(b). The BIA recognized that Barragan satisfied the requirement for moral character and that his removal would result in the requisite hardship. It held, however, that he had not met the requirement for 10 years of continuous physical presence before his receipt, in 2001, of a Notice to Appear. *See id.* at § 1229b(b)(1). The only issue before us is thus whether, as the BIA concluded, Barragan's presence in the United States was interrupted when government agents either sent him out of the United States or did not let him enter in 1992.[1]

Placement in formal removal proceedings, voluntary departure in lieu of such formal proceedings, and expedited removal all interrupt an alien's continuous presence in the United States. But not *all* departures interrupt an alien's continuous presence.

For one thing, an alien's otherwise continuous presence is not interrupted when the alien is merely turned around by officials at the border and not allowed to reenter, even if officials document such a turnaround. *Juarez–Ramos v. Gonzales,* 485 F.3d 509, 510–11 (9th Cir.2007); *see also Tapia v. Gonzales,* 430 F.3d 997, 1002 (9th Cir.2005). In this case, it is not at all clear what happened when Barragan returned to Mexico in 1992. Taken in the light most favorable to the government, the *most* that can be determined from the relevant record—which is only Barragan's testimony—is that Barragan and his uncle were caught by immigration officials and that he was "sent back" to Mexico because he lacked papers. Notwithstanding Barragan's repetition of a lawyer's use of the word "deported," it is impossible to tell from the current record the level of formality in the described proceedings or where they took place. In other words, it is impossible to tell whether the encounter was a "turnaround" at the border, which would not constitute an interruption, or involved some more formal exclusion procedure.[2]

Second, we also cannot tell whether there was a voluntary departure of the type that, under our recent case law, interrupts "continuous presence." "Although a

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We do not address any holding by the immigration judge that, as the BIA summarized, Barragan was ineligible for cancellation of removal because "there is insufficient evidence to establish his continuous physical presence in the United States during the en-

tire relevant period, specifically 1991–1993." The BIA, in its *de novo* review of the question, relied only on the break in continuous presence in 1992 to deny Barragan relief. We are in this case limited to review of the BIA opinion and its reasoning. *See generally Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000).

2. The administrative record includes no documentation of any formal proceeding resulting in Barragan leaving the United States in 1992.

voluntary departure under 'threat' of deportation constitutes a break in continuous physical presence, ... before it may be found that a presence-breaking voluntary departure occurred, the record must contain some evidence that the alien *was informed of and accepted its terms*." *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006) (citations omitted) (adopting the holding of *Reyes–Vasquez v. Ashcroft*, 395 F.3d 903, 908 (8th Cir.2005)).

Because the parties, the IJ, and the BIA did not have the benefit of the "turnaround" standard of *Tapia* and the "knowing and voluntary departure" standard announced in *Ibarra–Flores*, we remand to the BIA with instructions to remand to the IJ for an appropriate evidentiary hearing and findings in light of these cases.

**GRANTED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.